# EUGENIE ELLEN ZIMMERLEE,
*Appellant,*

*v.*

# WILLIAMS,
*Respondent.*

## (85-0187; CA A37979)

728 P2d 49

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Robert J. Jackson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioner seeks post-conviction relief from her conviction of manslaughter, contending that her guilty plea was the result of her trial attorney's failure to inform her of her defenses under ORS 161.219 (shooting a burglar)[1] and ORS 161.225 (shooting a trespasser about to commit a felony by force and violence).[2] The trial court held that petitioner received effective assistance of counsel and denied post-conviction relief. We conclude that petitioner has established both that she received ineffective assistance and resulting prejudice.

Petitioner shot and killed her estranged boyfriend when he broke through the locked and bolted front door of her home. She was charged with murder. After plea bargaining, she pled guilty to manslaughter, and the murder charge was dismissed.

In *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981), the court set forth the constitutional requirements for effective counsel:

"We conclude from a review of the cases and from our own analysis that any statement of the standard of performance constitutionally required of counsel must necessarily be general and that a degree of subjectivity in application cannot be avoided. * * *

---

[1] ORS 161.219 provides, in part:

"Notwithstanding the provisions of ORS 161.209, a person is not justified in using deadly physical force upon another person unless the person reasonably believes that the other person is:

"* * * * *

"(2) Committing or attempting to commit a burglary in a dwelling * * *."

[2] ORS 161.225 provides:

"(1) A person in lawful possession or control of premises is justified in using physical force upon another person when and to the extent that the person reasonably believes it necessary to prevent or terminate what the person reasonably believes to be the commission or attempted commission of a criminal trespass by the other person in or upon the premises.

"(2) A person may use deadly physical force under the circumstances set forth in subsection (1) of this section only:

"* * * * *

"(b) When the person reasonably believes it necessary to prevent the commission of arson or a felony by force and violence by the trespasser."

"* * * * *

"[C]ounsel's functions include informing the defendant, in a manner and to the extent appropriate to the circumstances and to the defendant's level of understanding, of the existence and consequences of nontactical choices which are the defendant's to make, so as to assure that the defendant makes such choices intelligently. This function of counsel is particularly important when a defendant is called upon to waive fundamental rights, as by a guilty plea or waiver of jury trial * * *." 290 Or at 873-75. (Citation omitted.)

Petitioner's attorney testified that he did not inform defendant of the defenses provided in ORS 161.219 and ORS 161.225, because he did not believe that they were applicable. He based his decision on the fact that petitioner had given the decedent the key to her home on the afternoon of the shooting and in the light of the fact that the decedent had, on prior occasions, spent the night at petitioner's home. However, petitioner's attorney was aware that she had demanded the return of her key, that she had deadbolted her door in order to prevent entry and that the decedent had beaten petitioner on several occasions. Under those circumstances, ORS 161.219 and ORS 161.225 are clearly applicable and could have provided her with a persuasive defense.

While it is true that it is a tactical decision whether to assert a defense, *Krummacher v. Gierloff, supra,* 290 Or at 875, an attorney nevertheless has a duty to inform his client of all viable defenses. Petitioner pled guilty under the erroneous belief that she had no viable defenses. Under the circumstances, she could not have made a knowing and intelligent decision as to her plea.

Reversed and remanded with instructions to set aside the conviction and to remand the cause to the original trial court.